## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cr-30039 |
| ) | |
| CARLOS WRIGHT, ) | |
| ) | |
| Defendant. ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Carlos Wright's

Motion for Release on Bond (d/e 21).  For the reasons set forth below, the

Motion is DENIED.

## BACKGROUND

On June 2, 2021, the Grand Jury indicted Wright charging him with

being a felon in possession of a firearm in violation of 18 U.S.C. §

922(g)(1).  Indictment (d/e 1).  On June 30, 2021, U.S. Magistrate Judge

Eric I. Long conducted a detention hearing for Wright.  Judge Long ordered

Wright detained pending trial.  Minute Entry entered June 30, 2021.  On

July 1, 2021, Judge Long entered an Order of Detention Pending Trial (d/e

15) (Detention Order).  Judge Long found that a rebuttable presumption

arose that no condition or combination of conditions will reasonably assure

the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2)(A). Detention Order at 1. The offense alleged in the Indictment was committed while Wright was on probation for a 2020 Illinois state conviction for manufacture/delivery of a controlled substance. Pretrial Service Report (d/e 7), at 7. Wright failed to introduce evidence to rebut the presumption. Detention Order, at 1-2.

Wright is detained at the Livingston County, Illinois, Jail (Jail). Wright asks the Court to modify the Detention Order and grant him release on bond because:

a.      On August 21, 2021, Wright erroneously received psychiatric medication instead of his prescribed blood pressure medication;

b.      Wright contracted COVID while detained at the Jail;

c.      Wright has cancer in his throat which requires periodic treatment to prevent any spread to other parts of his body;

d.      Wright's cancer could kill him if not treated properly;

e.      Wright can reside with his sister Ladayshia Conner, in Columbus, Missouri;

f.      In the alternative, Wright can reside with his father in Missouri;

g.      Wright has two minor children, a 10-month old and an 11-year old; and

h.      If released, Wright will get a job with his father at a warehouse in Missouri.

The Government opposes the Motion.  The Government submits medical records that establish that Wright tested positive for COVID 19 on August 19, 2021.  He presented no major complications from contracting the disease.  Wright also received the wrong medication once on August 21, 2021.  He was monitored once the error was detected.  Any effect of the incorrect medication lasted a day.  Wright felt better by August 22, 2021.  Wright has also been taken regularly to see an oncologist for his throat cancer and is scheduled for ongoing treatment.  See Government's Response in Opposition to Defendant's Motion for Bond (d/e 23), Exhibit A, Nurses Notes for Defendant Wright from Quality Correctional Health Care, and Treatment Notes from Illinois Cancer Care, PC, for service on September 20, 2021, October 11, 2021, November 22, 2021.

The Government further notes that the Second Pretrial Services Report Addendum (Second Addendum) (d/e 14) shows that Wright's father Wavely Darryl Conner, owned a handgun that he kept at his residence in New Madrid, Missouri.  Mr. Conner indicated to the Probation Officer that he was not willing to remove the handgun or other firearms from the residence.  The Report also stated that Ladayshia and her boyfriend lived

with Wright's father, and the two of them owned four or five handguns which they kept at the father's residence.  Second Addendum, at 3.[1]

## ANALYSIS

This Court may reconsider Wright's detention order if information not known to Wright at the time of the detention hearing has a material bearing on the issue of whether there are conditions of release that will reasonably assure Wright's appearance in this case and the safety of any other person in the community.  18 U.S.C. § 3142(f).  The Court may also grant temporary release if such release is necessary for preparation of Wright's defense or for another compelling reason.  18 U.S.C. § 3142(i).

In determining whether conditions of release will reasonably assure Wright's appearance in this case and the safety of any person in the community, this Court must consider the following factors:

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or

---

[1] The Report states that Wright's half-sister Debraesha Conner lived in Columbia, Missouri.  Second Addendum, at 2-3.  According to the Report, none of Wright's relatives lived in Columbus, Missouri.  Wright did not mean to state that he could live with Debraesha because he could not live in Columbia and work with his father at a warehouse in or around New Madrid, Missouri.  According to Google Maps, the driving distance between Columbia and New Madrid is 274 miles.

involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Furthermore, the Indictment charges Wright with a violent crime that raises a rebuttable presumption that no condition or combination of conditions will reasonably assure Wright's appearance and the safety of

any member of the community.  18 U.S.C. § 3142(d)(3).  This presumption "represents Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."  United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).  If Wright rebuts the presumption, the presumption does not disappear, but "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."  Id.

The new information does not relate to any of the factors in 18 U.S.C. § 3142(g).  In fact, the new information demonstrates a significant risk of harm to other individuals and the community if Wright is released.  Wright is charged with a felony involving a firearm.  As such, he may present a significant risk of committing other crimes if he is released on bond. Offenders who commit crimes involving firearms have a higher recidivism rate than all other offenders (69 percent as compared with 45 percent for other offenders).  U.S. Sentencing Commission, New Recidivism and Firearms Report, at 1 (November 30, 2021).  Both of Wright's proposed third-party custodians own handguns and keep them at their residence. Placing Wright in a residence that contained handguns would present a

grave risk to the community.  Wright has failed to present new information that overcomes the presumption that no condition or combination of conditions of release will reasonably assure the safety of any member of the community.

Wright presents no evidence that he needs to be released to prepare for trial.  Wright only presents new facts to attempt to show a compelling reason for his release under § 3142(i).

Wright fails to demonstrate a compelling reason to release him.  He received the wrong medication once, and recovered from any ill effects the next day.  He contracted COVID 19 in August 2021 but suffered no major complications.  Neither of these facts present a compelling reason for release.  He also has throat cancer.  The medical records from the Illinois Cancer Center show that he is being treated regularly for this condition while at the Jail.  Wright, therefore, fails to demonstrate a compelling reason for his pretrial release.

After considering all the facts and circumstances, and the submissions and arguments of counsel, the Court finds that Wright has failed to present new information that overcomes the presumption that no condition or combination of conditions of release will reasonably assure Wright's appearance and the safety of any member of the community.  The

new information also does not demonstrate compelling reason to grant him temporary release.

THEREFORE, IT IS ORDERED THAT Defendant Carlos Wright's Motion for Release on Bond (d/e 21) is DENIED.

ENTER:  December 2, 2021

_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE